IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 OCT -8 P 12: 06

CLERK'S OFFICE

BY_____ DEPUTY

| | | |
|---|---|---|
| KENNETH DANIEL PALMER, #224480 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JKB-13-2904 |
| THE MARYLAND PAROLE COMMISSION, et al., | * | |
| Defendants. | * | |

\*\*\*\*\*

## MEMORANDUM

On October 1, 2013, the Court received for filing Kenneth Daniel Palmer's ("Palmer") civil rights complaint for compensatory damages for each day he has been "unlawfully" incarcerated on parole retake warrants. Palmer, who is confined at the Maryland Reception Diagnostic and Classification Center, complains that he has been illegally held by the Maryland Parole Commission ("Commission") on retake warrants, which has caused the revocation of several bonds posted by Palmer in criminal proceedings. He lists the charges on which he was taken into custody on retake warrants in 2011 and the bonds he posted. ECF No. 1. Palmer's complaint is accompanied by a motion for leave to proceed in forma pauperis. Because he appears indigent, the motion shall be granted. Palmer's complaint may not, however, proceed.

Palmer seeks damages for his continued confinement on parole retake warrants, based on their alleged illegality and the failure to conduct an expeditious parole revocation hearing he claims is required under Maryland law. An inmate is not entitled to a prompt hearing where the parole violation warrant is simply filed as a detainer at the institution of his confinement. *See Moody v. Daggett*, 429 U.S. 78, 86-89 (1976). Moreover, parole officials are entitled to absolute immunity from suits challenging conduct involving the preparation of parole revocation reports. *See Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985); *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983).

Further, Palmer is advised that a civil rights claim for damages which raises challenges to the constitutionality of incarceration is not appropriate unless and until his revocation charges have been dismissed or declared invalid by a tribunal authorized to make such a determination. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). His allegation, which is tantamount to a Fourteenth Amendment claim, is barred by the rule announced in *Heck* as a judgment in Palmer's favor would necessarily imply the invalidity of his criminal detentions. The *Heck* bar applies to proceedings that call into question the fact or duration of parole or probation. *See Crow v. Penry*, 102 F. 3d 1086, 1087 (10th Cir. 1996). Therefore, a complaint for damages is barred under the rule of *Heck*. A separate Order follows.

DATED this 7 day of October, 2013.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge